ELG/djh     09-04-2

FILED

02 SEP -4 AM 10: 46

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

5:02CV 1738

| | |
|---|---|
| **CATHERINE HOMAN**<br>1355 Hilbish Avenue<br>Akron, Ohio 44312<br><br>and<br><br>**CYNTHIA V. SAMSON**<br>17306 Akita Court<br>Strongsville, Ohio 44136<br><br>    Plaintiffs,<br><br>-vs-<br><br>**CUYAHOGA FALLS GENERAL HOSPITAL**<br>1900 23RD Street<br>Cuyahoga Falls, Ohio 44223<br><br>and<br><br>**SUMMA HOSPITAL & HEALTH SYSTEMS**<br>1900 23RD Street<br>Cuyahoga Falls, Ohio 44223<br><br>and | CASE NO.:<br><br>JUDGE: Judge O'Malley<br><br>MAG. JUDGE PERELMAN<br><br>**C O M P L A I N T**<br>**Jury Demand Endorsed Herein** |

| | |
|---|---|
| **P. J. AGARWAL, M.D.** | ) |
| **& SUPERVISOR** | ) |
| 1900 23RD Street | ) |
| Cuyahoga Falls, Ohio 44223 | ) |
| (In His Individual and Official Capacity) | ) |
| | ) |
| Defendants. | ) |

## INTRODUCTION

1. This is a lawsuit involving retaliation for the filing of an original Complaint in U. S. District Court under the same caption, but Case No. 5:00CV1326.

2. That original Complaint was filed on May 25, 2000, and assigned to Honorable Judge Economus.

3. This Complaint alleges retaliation as a result of filing prior EEOC charges and the prior Complaint.

4. Reinstatement, back pay, and other monetary damages are requested.

## PARTIES

5. Catherine Homan and Cynthia V. Samson are U. S. citizens employed by Defendants. Plaintiff Homan was employed as a lead technician in the Histology Department, and Plaintiff Samson was employed as a lab manager.

6. Defendant Cuyahoga Falls General Hospital is a hospital operating in Summit County.

7. On or about October 2002, Defendant Cuyahoga Falls General Hospital was acquired by Summa Health Systems; however, Defendant is still operating under the title of Cuyahoga Falls General Hospital.

8. On information and belief, Summa Health Systems has acquired the assets and liabilities of Cuyahoga Falls General Hospital and also has control over employment, assignments, hires, fires, and transfers during part of the time of the action complained of in this Complaint.

9. Cuyahoga Falls General Hospital and Summa Health Systems are both incorporated under the laws of the State of Ohio and maintain their principle businesses in Summit County, Ohio.

10. Both Cuyahoga Falls General Hospital and Summa Health Systems are employers under the meaning of Title VII and employ in excess of 500 employees.

## JURISDICTION

11. Jurisdiction is invoked under Title VII of the Civil Rights Act of 1964 as amended.

12. Further, Plaintiff Homan has received a Right to Sue Letter dated June 11, 2002, which is attached as Exhibit 1 and incorporated by reference as if fully rewritten herein.

13. Exhibit 1 is a Right to Sue Letter associated with the September 20, 2001 charge filed by Catherine Homan and attached as Exhibit 2.

14. Exhibit 3 is the charge filed by Catherine Homan on October 29, 2001.

15. Exhibit 4 is the change filed by Cynthia Samson on September 20, 2001.

16. Exhibit 5 is a charge filed by Cynthia Samson dated October 29, 2001.

17. All Exhibits are attached and incorporated by reference as if fully rewritten herein.

18. Plaintiff has requested a Right to Sue Letter in regards to Exhibits 3, 4, and 5; however, said Right to Sue Letters have not been received as yet. Upon receipt, Plaintiff will file the said notices with this Court.

## STATEMENT OF THE FACTS

19. Plaintiffs Homan and Samson have each filed two previous Complaints with the EEOC, alleging gender discrimination in the workplace.

20. Homan filed her previous Complaints on March 9, 2000 and on May 23, 2000.

21. Samson filed her previous Complaints on March 9, 2002 and December 5, 2000.

22. Plaintiffs state that since the filing of said Complaints, they have been the subject of increased harassment from co-Defendant Agarwal.

23. Plaintiffs have brought these Complaints to supervision and specifically the Human Resources Director; however, no action has been taken to address the increased harassment.

24. In fact, Agarwal has threatened Homan with a scalpel.

25. The Defendants continue to do nothing in regards to correcting Agarwal's actions.

26. Finally, on October 15, 2001, the Plaintiffs were suspended with pay by Defendants.

27. The Defendants alleged they needed time to investigate the harassment of Agarwal.

28. As of the date of this filing, the Plaintiffs are still on indefinite paid suspension. (See Exhibits 6 and 7).

29. The Defendants conducted absolutely no investigation and suspended the Plaintiffs solely because of their previous complaints, and in retaliation for Plaintiffs' reporting the inappropriate conduct of Agarwal.

30. Plaintiffs state that as a result of the suspension, they are losing their skills in their trade.

31. Plaintiffs state that the suspension was punitive in nature and designed specifically to retaliate and harm Plaintiffs.

32. Plaintiffs further state that they are losing benefits and overtime pay, etc., as a result of the actions of the Defendants.

33. Plaintiffs further state that the lengthy suspension has now resulted in a constructive discharge.

34. Plaintiffs further state that they cannot find other work because of the punitive actions of the Defendants.

-4-

## FIRST CAUSE OF ACTION

35. Plaintiffs incorporate the Statement of the Facts into the First Cause of Action as if fully rewritten herein.

36. Plaintiffs state that the actions of the Defendants in retaliation against Plaintiffs is a violation of Title VII of the Civil Rights Act of 1964 as amended.

37. **WHEREFORE**, Plaintiffs demand reinstatement, back pay, compensatory damages of pain, suffering, anguish, humiliation, and embarrassment of Three Hundred Thousand Dollars ($300,000), punitive damages of Three Hundred Thousand Dollars ($300,000), attorney fees, costs, and any other relief this Court may deem as fair and equitable, including injunctive relief.

## SECOND CAUSE OF ACTION

38. Plaintiffs incorporate the Statement of the Facts and the First Cause of Action into the Second Cause of Action as if fully rewritten herein.

39. Plaintiffs state that actions of the Defendants are clearly a violation of 4112 of the Ohio Revised Code.

40. **WHEREFORE**, Plaintiffs demand Five Hundred Thousand Dollars ($500,000) compensatory damages, One Million Dollars ($1,000,000) punitive damages, attorney fees, costs, and any other relief this Court may deem as fair and equitable.

## THIRD CAUSE OF ACTION

41. Plaintiffs incorporate the Statement of the Facts and the First and Second Causes of Action into the Third Cause of Action as if fully rewritten herein.

42. Plaintiffs further state that the actions of Agarwal is a clear violation of 4112 of the Ohio Revised Code.

43. Plaintiffs sue Agarwal in his individual and official capacity under 4112 of the Ohio Revised Code.

44. **WHEREFORE**, Plaintiffs demand compensatory damages of One Million Dollars ($1,000,000), punitive damages of One Million Dollars ($1,000,000), attorney fees, costs, and any other relief this Court may deem as fair and equitable.

## FOURTH CAUSE OF ACTION

45. Plaintiffs incorporate the Statement of the Facts and the First, Second, and Third Causes of Action into the Fourth Cause of Action as if fully rewritten herein.

46. Plaintiffs state that Agarwal is guilty of civil assault on Catherine Homan.

47. **WHEREFORE**, Plaintiff demands compensatory damages of One Million Dollars ($1,000,000), punitive damages of One Million Dollars ($1,000,000), attorney fees, costs, and any other relief this Court may deem as fair and equitable.

## FIFTH CAUSE OF ACTION

48. Plaintiffs incorporate the Statement of the Facts, the First, Second, Third, and Fourth Causes of Action into the Fifth Cause of Action as if fully rewritten herein.

49. Plaintiffs state that as a result of Defendants' actions, Plaintiffs suffered significant physical and mental injuries.

50. Plaintiffs state that Agarwal's actions were outrageous.

51. Plaintiffs further state that co-Defendant Cuyahoga Falls General Hospital's actions were outrageous.

52. Plaintiffs state that as a result of the outrageous conduct of the Defendants, they suffered significant emotional and serious distress.

53. **WHEREFORE**, Plaintiffs demand for intentional infliction of emotional distress, compensatory damages of One Million Dollars ($1,000,000), punitive damages of One Million Dollars ($1,000,000), attorney fees, costs, and any other relief this Court may deem as fair and equitable.

Respectfully submitted,

**EDWARD L. GILBERT CO., LPA**

*[signature]*

Edward L. Gilbert (0014544)
Attorney for Plaintiff
One Cascade Plaza, Ste. 825
Akron, Ohio 44308
(330) 376-8855
(330) 376-8857 FAX
egilbert@lek.net