**ELG/mjw      03-07-03**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **CATHERINE HOMAN, et. al.,** | ) | **CASE NO. 5:02 CV 1738** |
| | ) | |
| | ) | |
| | ) | **JUDGE ADAMS** |
| **Plaintiffs,** | ) | |
| **-vs-** | ) | |
| | ) | |
| **CUYAHOGA FALLS GENERAL** | ) | **MOTION TO COMPEL AND CIV. R. 56** |
| **HOSPITAL, et al.,** | ) | **REQUEST FOR DISCOVERY** |
| | ) | |
| **Defendants.** | ) | |

Now come the Plaintiffs, by and through the undersigned counsel, and hereby request, for

the reasons stated in the following Memorandum in Support, that this Court Order the following:

1) That the Defendants fully respond to all of the Plaintiffs reasonable and relevant discovery;

2) That the Plaintiff have a reasonable time of discovery to formulate a response to the Defendants  Motion to Dismiss and Motions for Summary Judgment; and

3) That this Court stay ruling on the Defendants Motion to Dismiss and the Defendants  Motions for Summary Judgment until the Plaintiffs have completed the discovery necessary for formulating responses to these motions and filed a response.

1

<u>**MEMORANDUM IN SUPPORT**</u>

**I.**    **RELEVANT FACTS**

Recently, on January 29, 2003, this Court ordered that Case Number 02-01738 be

consolidated with Case Number 00-01326,  for the purposes of trial , and that the Defendants

file a pre-answer motion or a motion for summary judgment by February 28, 2003.  Thereafter,

and contrary to the Order of this Court and the Local Rules of this Court, the Defendants filed a

pre-answer motion and two motions for summary judgment. Specifically, the Defendants filed

the following:

> 1)    Motion for Summary Judgment of Defendant Cuyahoga Falls General Hospital
>        Directed Against Catherine Homan;
>
> 2)    Motion for Summary Judgment of Defendant Cuyahoga Falls General Hospital
>        Directed Against Cynthia V. Samson; and
>
> 3)    Defendants  Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or,
>        in the Alternative, Defendants  Motion for Summary Judgment; and
>
> 4)    Appendix of Evidence and Authority

Furthermore, the Plaintiffs are unable to formulate a proper response to these Motion

because the Court has not allowed a reasonable time period for the Plaintiffs to conduct

discovery in Case Number 02-01738. Specifically, rather than evaluating this case and assigning

it to a case management track as mandated by the Local Rules of this Court, Judge Economus

issued an Order consolidating the present case with case # 5:00-cv-1326 for  purposes of trial.

Since this case was consolidated, no formal discovery guidelines were established.

Subsequently, the Court limited the Plaintiffs to written discovery relating to changes in the

benefits package offered by the Defendants.   Further, the Court ordered that this limited

2

discovery must be completed within an unreasonably short period of time, or by February 7, 2003.

Furthermore, in accordance with this Court s Order, the Plaintiffs engaged in the only type of discovery that was permitted by the Judge, written discovery.  Specifically, on January 28, 2003, the Plaintiffs served the Defendants with the Plaintiffs  First, Second, and Third Sets of Interrogatories and Requests for the Production of Documents. (Exhibits 1-12). Therefore, the Defendants were require to submit full responses to the Plaintiffs  discovery requests by February 27, 2003.  However, the Defendants did not respond to the Plaintiffs  reasonable and relevant discovery requests until February 28, 2003, and the tardy responses that were sent were incomplete, vague, and otherwise unresponsive.  In an effort to obtain appropriate discovery responses, the Plaintiff s advised the Defendants of their responses deficiencies and requested supplementation.  (Exhibit 13).  To date, the Defendants have not responded to the Plaintiffs  good faith efforts to resolve this matter outside of the Courtroom.  Therefore, with the Defendants  Motions for Summary Judgment and Motion to Dismiss pending, the Defendants left the Plaintiffs with no alternative but to seek judicial intervention.

## II.    LAW AND ARGUMENT

### A.    Motion to Compel

Pursuant to Civil Rule 37, this Court has authority to Order the Defendants to adequately respond to the Plaintiffs  discovery requests, because the Defendants, by giving evasive and incomplete responses have failed to timely respond to the Plaintiff s requests, and the Plaintiffs have, under the circumstances, made a good faith effort to resolve this matter without Court intervention.

3

### 1.   Evasive and/or Incomplete Answers

As stated throughout this Memorandum in Support, the Defendants have not given the Plaintiff s proper responses to the Plaintiffs  reasonable and relevant discovery requests.

### a.   Plaintiff s First Set of Interrogatories

Specifically, in the Plaintiff s First Set of Interrogatories (Exhibit 1), Interrogatory Two, the Plaintiffs requested that the Defendants list  any and all payroll benefit information for Plaintiff from January 1, 1990 to the present.   In response, the Defendants objected, and stated that the information was contained in documents that were to be provided.  (Exhibit 2). However, the Plaintiffs did not receive any documents responsive to this request, and the Defendants Response needs to be supplemented immediately.

In Interrogatory Number Three, the Plaintiffs  requested  a list of all persons that reported to Norma Tomlinson from January 1, 1997 through May 1, 2001.  In response, the Defendants objected claiming the permissible discovery scope was exceeded.  However, this information was clearly within the scope of discovery because the individuals reporting to Norma Tomlinson are potential fact witnesses concerning the benefits, or lack of benefits,  provided by the Defendants, and the Defendants  Response needs to be supplemented immediately.  .

In Interrogatory Number Four, the Plaintiffs requested  a list of all persons involved in performance reviews.   In response, the Defendants objected.  However, this objection was improper because the performance interviews directly relate to the Plaintiffs  benefits, raises, and compensation, all of which are issues in the above-captioned lawsuits.

In Interrogatory Number Five, the Plaintiffs requested  a list of all managers.   Again, the Defendants improperly objected.  Specifically, this objection was improper because the managers

4

are directly relevant to any determination of benefits, payments, and compensation, all of which are issues in the above-captioned cases.

In Interrogatory Number Six, the Plaintiffs requested a list of all directors. Again, the Defendants submitted an improper objection. This objection was improper because, the list of directors directly relates to how, when, and why any changes were made in benefits, raises, and/or compensation of the Plaintiffs which are issues in the above-captioned matters.

In Interrogatory Number Seven, the Plaintiffs requested the definition of manager and director in the Defendants workplace. In response, the Defendants objected. However, their objection was improper. This information is directly relevant because the managers and directors set benefits, raise, and/or compensation.

In Interrogatory Number Eight, the Plaintiffs requested a list of persons who have knowledge of the facts in the Complaint. Again, the Defendants objected. However, this objection was improper. This information is relevant, because a person who has knowledge of facts in the complaint, would have knowledge of the benefits, raises, and/or compensation at issue in the above captioned matters.

### b.     Plaintiff s Second Set of Interrogatories

In the Plaintiffs Second Set of Interrogatories, Interrogatory Number One, the Plaintiffs requested  a list of all employees who worked in the lab, pathology department, histology department, and any other departments in which Plaintiffs were employed from October 16, 2001 through the present. (This would include all employees including P.R.N. employees or part-time employees. List name, dates of employment, race and gender, and positions held along with salary.)  (Exhibit 3).  In response, the Defendants objected.  (Exhibit 4). However, their objection

5

was not proper.  The requested information directly relates to the Plaintiffs  co-workers and their salaries reflecting any changes in benefits, raises, and/or compensation, all of which are issues in the above-captioned matters.

In Interrogatory Number Two, the Plaintiffs requested   all disciplinary action of Thomas Richmond. (This would include his entire employment, whether P.R.N. or full-time.)   In response, the Defendants objected.  However, the information on Mr. Richmond directly relates to any disciplinary actions against him and how they reflect any changes in his benefits, raises, and/or compensation as it is compared to the Plaintiffs. Therefore, the Defendants objection is improper, and the Defendants  response needs to be supplemented.

In Interrogatory Number Three, the Plaintiffs requested that the Defendants  Provide the dates of employment for a number of individuals. In response, the Defendants objected. However, the Defendants  response was not proper.  The requested information directly relates to benefits, raises, and/or compensation of the named individuals which bears directly on the claims of the Plaintiffs.

In Interrogatory Number Four, the Plaintiffs requested,   a list of all benefits for employees in the lab, pathology department, and histology department, from October 15, 2001 through the present. (List all benefits, list all changes in benefits, list all increase in benefits, and list any and all other changes in benefits during the period of time requested.)   In response, the Defendants objected and stated that the information was in documents that have been produced. However, the the Plaintiffs have not received any documents reflecting this information.

In Interrogatory Number Five, the Plaintiffs requested that the Defendants list   all hours worked by Plaintiffs and salary obtained from the date of Plaintiffs  first employment to the

present.   In response, the Defendants objected and said that the information was contained in documents that have been produced.  However, the Plaintiffs have not received any documents reflecting the requested information.  Therefore, the Defendants  response was improper and invalid.

### c.    Plaintiff s Third Set of Interrogatories

In the Plaintiffs  Third Set of Interrogatories, Interrogatory Number One, the Plaintiffs requested that the Defendants list  all benefits Plaintiffs were entitled to on the date Plaintiffs were placed on Administrative Leave.   (Exhibit 5). In response, the Defendants objected and said that the information was contained in documents that have been produced.  (Exhibit 6). However the Plaintiffs  have not received any documents reflecting the requested information. Therefore, the Defendants  response was improper and invalid.

In Interrogatory Number Two, the Plaintiffs requested that the Defendants list  all changes in benefits from the date Plaintiffs were placed on Administrative Leave to the present. In response, the Defendants objected and said that the information was contained in documents that have been produced.  However, the Plaintiffs have not received any documents reflecting the requested information.  Therefore, the Defendants  response was improper and invalid.

In Interrogatory Number 3, the Plaintiffs requested,  all documents that would identify all Plaintiffs  benefits and changes in benefits from the date Plaintiffs were placed on Administrative Leave to the present.   In response, the Defendants objected and said that the information was contained in documents that have been produced.  However, the Plaintiffs have not received any documents reflecting the requested information.  Therefore, the Defendants response was improper and invalid.

7

In Interrogatory Number Four, the Plaintiffs requested,  all benefits and salary Plaintiffs received from the date placed on Administrative Leave to the present. (This includes benefits that Plaintiffs <u>actually</u> received.)   In response, the Defendants objected.  However, this objection was not proper.  The requested information is directly related to the Plaintiffs benefits, raises, and/ or compensation.  Therefore, the Defendants  response was improper and invalid.

In Interrogatory Number Six, the Plaintiffs requested,  the names, titles and date of all persons who worked full time or part time in the lab from the time that Plaintiffs were placed on Administrative Leave to the present.   In response, the Defendants objected.  However, this objection was not proper.  The requested information is directly related to the Plaintiffs benefits, raises, and/or compensation.  Therefore, the Defendants  response was improper and invalid.

In Interrogatory No. 7, the Plaintiffs requested,  all persons who worked in the lab from the date that Plaintiffs were put on Administrative Leave to the present who were also employed at Summa. (State the name, work title, at Summa and Cuyahoga Falls General Hospital, and date each person worked at Cuyahoga Falls General Hospital and title of work performed.)   In response, the Defendants objected.  However, this objection was not proper.  The requested information is directly related to the Plaintiffs benefits, raises, and/ or compensation.  Therefore, the Defendants  response was improper and invalid.

**d.        Plaintiffs  First Request For the Production of Documents**

In the Plaintiffs  First Request for the Production of Documents, Request Number One, the Plaintiffs requested that the Defendants In Request No. 1, the Plaintiffs requested,  any and all payroll information for Plaintiffs from January 1, 1990 through the present. (This would include all records of payroll, benefits, raises, nature of raises.)  (Exhibit 7).  In response, the

8

Defendants  objected and stated that the responsive documents would be provided.  (Exhibit 8).

However, the Plaintiffs  did not and have not received any documents.  Therefore, your response

is invalid and improper.

In Request Number Two, the Plaintiffs requested,  any and all job evaluations for

managers and directors employed by the Defendant from January 1, 1997 through May 31, 2001.

(Provide all evaluations of individuals that reported to Norma Tomlinson for the grading period

of January 1, 1997 through December 31, 2001. This would include the evaluation and all

supporting documentation, emails, and all documents that would support the evaluation and all

communications associated with individuals involved in said evaluation.)   In response, the

Defendants objected.  However, this objection was not proper.  The requested information is

directly related to the Plaintiffs benefits, raises, and/or compensation.  Therefore, the Defendants

response was improper and invalid.

In Request Number Three, the Plaintiffs requested,  the personnel file of Norma

Tomlinson.  (This would include all evaluations, raises, disciplinary action, memos, summaries

of performance, salary information, etc.)   In response, the Defendants objected.  However, this

objection was not proper.  The requested information is directly related to the Plaintiffs  benefits,

raises, and/or compensation.  Therefore, the Defendants  response was improper and invalid.

> **e.      The Plaintiffs  Second Request for the Production of
> Documents**

In the Plaintiffs  Second Request for the Production of Documents, Request Number One,

the Plaintiffs requested  any and all employment applications and copy of personnel files of all

persons who worked in the lab, pathology department, histology department, from October 16,

2001 through the present.  (This would include all persons working part-time or P.R.N.)
(Exhibit 9).  In response the Defendants objected.  (Exhibit 10). However, this objection was not
proper.  The requested information is directly related to the Plaintiffs benefits, raises, and/ or
compensation.  Therefore, the Defendants  response was improper and invalid.

        In Request Number Two, the Plaintiffs requested,   the complete personnel file for Tom
Richmond, Phyllis Barlett, and Nancy Wildrout.    In response, the Defendants objected.
However, this objection was not proper.  The requested information is directly related to the
Plaintiffs benefits, raises, and/ or compensation.  Therefore, the Defendants  response was
improper and invalid.

        In Request Number Three, the Plaintiffs requested,   any and all payroll information for
the following individuals:

                    Tom Richmond
                    Phyllis Barlett
                    Nancy Wildrout

(Between the dates of October 16, 2001 and the present.)    In response, the Defendants objected.
However, this objection was not proper.  The requested information is directly related to the
Plaintiffs benefits, raises, and/or compensation.  Therefore, the Defendants  response was
improper and invalid.

        In Request Number Four, the Plaintiffs requested,   a complete explanation and
documents on all changes in employee benefits from October 15, 2001 through the present.   In
response the Defendants objected and stated that the responsive documents would be provided.
However, the Plaintiffs did not and have not received any documents.  Therefore, the
Defendants  response is invalid and improper.

                                    10

In Request Number Five, the Plaintiffs requested, all time cards and payroll records of the Plaintiffs during their entire employment with Defendant. In response, the Defendants objected and stated that the responsive documents would be provided. However, the Plaintiffs did not, and have not received any documents. Therefore, the Defendants response is invalid and improper.

### f. The Plaintiff s Third Request for the Production of Documents

In the Plaintiffs Third Request for the Production of Documents, Request Number One, the Plaintiffs requested any and all documents that would explain and identify benefits and changes in benefits that Plaintiffs were entitled to from the date placed on Administrative Leave to the present. (Exhibit 11). In response, the Defendants objected, and stated that the responsive documents would be provided. (Exhibit 12). However, the Plaintiffs did not, and have not received any documents. Therefore, the Defendants response is invalid and improper.

In Request Number Two, the Plaintiffs requested, any and all studies, reports, and all information refused, considered, and prepared in regards to Defendants decision to terminate or close the lab at Cuyahoga Falls General Hospital. In response, the Defendants objected. However, this objection was not proper. The requested information is directly related to the Plaintiffs benefits, raises, and/or compensation. Therefore, the Defendants response was improper and invalid.

In Request Number Three, the Plaintiffs requested any and all documents that would identify how employees of the labs will be placed, terminated or laid off when the lab closes. In response, the Defendants objected. However, this objection was not proper. The requested information is directly related to the Plaintiffs benefits, raises, and/or compensation. Therefore,

the Defendants  response was improper and invalid.

In Request Number Four, the Plaintiffs requested  the <u>current</u>, complete personnel procedure manual of the employees at Cuyahoga Falls General Hospital.  (This may include Cuyahoga Falls General Hospital and/or Summa.)   In response, the Defendants objected, and stated that the responsive documents would be provided.  However, the Plaintiffs did not and have not received any documents.  Therefore, the Defendants  response is invalid and improper.

In Request Number Six, the Plaintiffs requested  all time records for persons who worked in the lab at Cuyahoga Falls General Hospital from the date Plaintiffs were placed on Administrative Leave to the present.   In response, the Defendants objected.  However, this objection was not proper.  The requested information is directly related to the Plaintiffs  benefits, raises, and/or compensation.  Therefore, the Defendants  response was improper and invalid.

**B.      Request for Reasonable Time of Discovery and Stay**

Civil Rule 56(f), in pertinent part, states

> Should it appear from the affidavits of a party opposing a motion that the party cannot for reasons stated present by affidavit facts essential to justify the party s opposition, the court may refuse the application for judgment, or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or make any such other order as is just.

Pursuant to this Rule, and the attached affidavits of the Plaintiffs (Exhibits 14 & 15), this Court should stay ruling on the Defendants  Motion to Dismiss and Motions for Summary Judgment currently before this Court, until the Plaintiffs are given the opportunity to engage in discovery necessary to establish the facts that are essential to the Plaintiffs  claims. Specifically, even though the Plaintiffs new case contains claims that are separate and distinct from those set forth in the Plaintiffs earlier case, the Plaintiff has not been given the opportunity to engage in the

12

discovery necessary to prove facts outside the personal knowledge of the Plaintiffs which are essential to the Plaintiffs case.[1] Wherefore, the Plaintiffs should be given the opportunity to engage in the discovery necessary to counter the recent filings of the Defendants, and this Court should not rule on the Defendants recent filings until after the Plaintiffs are permitted to go through discovery and formulate a proper response.

## III.     CONCLUSION

For the reasons stated in the foregoing Motion and Memorandum in Support, this Court should grant the Plaintiffs Motion and Order the following:

1)      That the Defendants fully respond to all of the Plaintiffs reasonable and relevant discovery;

2)      That the Plaintiffs have a reasonable time of Discovery to formulate a response to the Defendants Motion to Dismiss and Motions for Summary Judgment; and

3)      That this Court stay ruling on the Defendants Motion to Dismiss and the Defendants Motions for Summary Judgment until the Plaintiffs have completed the discovery necessary for formulating responses to these motions and filed a response.

Respectfully submitted,

**EDWARD L. GILBERT CO., LPA**

/s/ Edward L. Gilbert
Edward L. Gilbert (0014544)
Attorney for Plaintiff
One Cascade Plaza, Ste. 825
Akron, Ohio 44308
(330) 376-8855

---

[1]As stated earlier, the Plaintiffs have been limited to written discovery in their new case, and the Defendants have refused to respond to the Plaintiff s reasonable and relevant written discovery. This Court, should at a minimum, refuse to rule on the Defendants recent Motion until the the Defendants, at least, give proper responses to the Plaintiffs written discovery.

(330) 376-8857 FAX
egilbert@lek.net

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Compel and Civil Rule 56 Request

for Discovery was electronically filed on March 11, 2003.  Notice of this filing will be sent to all

parties by operation of the Court s electronic filing system.  Parties may access this filing through

the Court s system.

/s/ Edward L. Gilbert
Edward L. Gilbert (0014544)
Attorney at Law

14