ELG/amc    4/30/03

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **CATHERINE HOMAN** | ) | CASE NO.: 5:02 CV 01738 |
| 1355 Hilbish Avenue | ) | |
| Akron, Ohio 44312 | ) | |
| | ) | |
| and | ) | **JUDGE ADAMS** |
| | ) | |
| **CYNTHIA V. SAMSON** | ) | |
| 17306 Akita Court | ) | **FIRST AMENDED COMPLAINT** |
| Strongsville, Ohio 44136 | ) | **C O M P L A I N T** |
| | ) | **Jury Demand Endorsed Herein** |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| **CUYAHOGA FALLS GENERAL** | ) | |
| **HOSPITAL** | ) | |
| 1900 23RD Street | ) | |
| Cuyahoga Falls, Ohio 44223 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **SUMMA HOSPITAL &** | ) | |
| **HEALTH SYSTEMS** | ) | |
| 1900 23RD Street | ) | |
| Cuyahoga Falls, Ohio 44223 | ) | |
| | ) | |
| and | ) | |
| | ) | |

-2-

| | |
|---|---|
| **P. J. AGARWAL, M.D.** | ) |
| **& SUPERVISOR** | ) |
| 1900 23RD Street | ) |
| Cuyahoga Falls, Ohio 44223 | ) |
| (In His Individual and Official Capacity) | ) |
| | ) |
| Defendants. | ) |

## INTRODUCTION

1. This is a lawsuit involving retaliation for the filing of an original Complaint in U. S. District Court under the same caption, but Case No. 5:00CV1326.

2. That original Complaint was filed on May 25, 2000, and assigned to Honorable Judge Economus.

3. This Complaint alleges retaliation as a result of filing prior EEOC charges and the prior Complaint.

4. Reinstatement, back pay, and other monetary damages are requested.

## PARTIES

5. Catherine Homan and Cynthia V. Samson are U. S. citizens employed by Defendants. Plaintiff Homan was employed as a lead technician in the Histology Department, and Plaintiff Samson was employed as a lab manager.

6. Defendant Cuyahoga Falls General Hospital is a hospital operating in Summit County.

7. On or about October 2002, Defendant Cuyahoga Falls General Hospital was acquired by Summa Health Systems; however, Defendant is still operating under the title of Cuyahoga Falls General Hospital.

8. On information and belief, Summa Health Systems has acquired the assets and liabilities of Cuyahoga Falls General Hospital and also has control over employment, assignments, hires, fires, and transfers during part of the time of the action complained of in this Complaint.

9. Cuyahoga Falls General Hospital and Summa Health Systems are both incorporated under the laws of the State of Ohio and maintain their principle businesses in Summit County, Ohio.

10. Both Cuyahoga Falls General Hospital and Summa Health Systems are employers under the meaning of Title VII and employ in excess of 500 employees.

## JURISDICTION

11. Jurisdiction is invoked under Title VII of the Civil Rights Act of 1964 as amended.

12. All EEOC charges and Right to Sue Letters, received to date, are attached as Exhibits 1 through 16.

13. Plaintiff has requested a Right to Sue Letters in regards to Exhibits 7, 8, 15, and 16 however, said Right to Sue Letters have not been received as yet. Upon receipt, Plaintiffs will file the said notices with this Court.

## STATEMENT OF THE FACTS

14. Plaintiffs Homan and Samson have each filed two previous Complaints with the EEOC, alleging gender discrimination in the workplace.

15. Homan filed her previous Complaints on March 9, 2000 and on May 23, 2000.

16. Samson filed her previous Complaints on March 9, 2002 and December 5, 2000.

17. Plaintiffs state that since the filing of said Complaints, they have been the subject of increased harassment from Defendant Cuyahoga Falls Hospital and co-Defendant Agarwal.

18. Plaintiffs have brought these Complaints to supervision and specifically the Human Resources Director; however, no action has been taken to address the increased harassment.

19. In fact, Agarwal has threatened Homan with a scalpel.

20. The Defendants continue to do nothing in regards to correcting Agarwal's actions.

21. Finally, on October 15, 2001, the Plaintiffs were suspended with pay by Defendants.

22. The Defendants alleged they needed time to investigate the harassment of Agarwal.

23. On January 31, 2003 Plaintiffs were further retaliated against by both Defendants, when they were abruptly terminated without cause.

24. The Defendants conducted absolutely no investigation and suspended the Plaintiffs solely because of their previous complaints, and in retaliation for Plaintiffs reporting the inappropriate conduct of Agarwal.

25. Plaintiffs state that as a result of the suspension and termination, they are losing their skills in their trade.

26. Plaintiffs state that the suspension and termination were punitive in nature and designed specifically to retaliate and harm Plaintiffs.

27. Plaintiffs further state that they lost wages, benefits and overtime pay, etc., as a result of the actions of the Defendants.

### FIRST CAUSE OF ACTION

28. Plaintiffs incorporate the Statement of the Facts into the First Cause of Action as if fully rewritten herein.

29. Plaintiffs state that the actions of the Defendants in retaliation against Plaintiffs for the suspension and termination are a violation of Title VII of the Civil Rights Act of 1964 as amended.

30. **WHEREFORE**, Plaintiffs demand reinstatement, back pay, compensatory damages of pain, suffering, anguish, humiliation, and embarrassment of Three Hundred Thousand Dollars

($300,000) per incident, punitive damages of Three Hundred Thousand Dollars ($300,000), per incident, attorney fees, costs, and any other relief this Court may deem as fair and equitable, including injunctive relief.

## SECOND CAUSE OF ACTION

31. Plaintiffs incorporate the Statement of the Facts and the First Cause of Action into the Second Cause of Action as if fully rewritten herein.

32. Plaintiffs state that actions of the Defendants are clearly a violation of 4112 of the Ohio Revised Code.

33. **WHEREFORE**, Plaintiffs demand Five Hundred Thousand Dollars ($500,000) compensatory damages per incident, One Million Dollars ($2,000,000) punitive damages per incident, attorney fees, costs, and any other relief this Court may deem as fair and equitable.

## THIRD CAUSE OF ACTION

34 Plaintiffs incorporate the Statement of the Facts and the First and Second Causes of Action into the Third Cause of Action as if fully rewritten herein.

35. Plaintiffs further state that the actions of Agarwal is a clear violation of 4112 of the Ohio Revised Code.

36. Plaintiffs sue Agarwal in his individual and official capacity under 4112 of the Ohio Revised Code.

37. **WHEREFORE**, Plaintiffs demand compensatory damages of One Million Dollars ($1,000,000) per incident, punitive damages of One Million Dollars ($1,000,000) per incident, attorney fees, costs, and any other relief this Court may deem as fair and equitable.

## FOURTH CAUSE OF ACTION

38 Plaintiffs incorporate the Statement of the Facts and the First, Second, and Third

-6-

Causes of Action into the Fourth Cause of Action as if fully rewritten herein.

39.  Plaintiffs state that Agarwal is guilty of civil assault on Catherine Homan.

40.  **WHEREFORE**, Plaintiff demands compensatory damages of One Million Dollars ($1,000,000), punitive damages of One Million Dollars ($1,000,000), attorney fees, costs, and any other relief this Court may deem as fair and equitable.

### FIFTH CAUSE OF ACTION

41.  Plaintiffs incorporate the Statement of the Facts, the First, Second, Third, and Fourth Causes of Action into the Fifth Cause of Action as if fully rewritten herein.

42.  Plaintiffs state that as a result of Defendants actions, Plaintiffs suffered significant physical and mental injuries.

43.  Plaintiffs state that Agarwal s actions were outrageous.

44.  Plaintiffs further state that co-Defendant Cuyahoga Falls General Hospital s actions were outrageous.

45.  Plaintiffs state that as a result of the outrageous conduct of the Defendants, they suffered significant emotional and serious distress.

46.  **WHEREFORE**, Plaintiffs demand for intentional infliction of emotional distress, compensatory damages of One Million Dollars ($1,000,000), punitive damages of One Million Dollars ($1,000,000), attorney fees, costs, and any other relief this Court may deem as fair and equitable.

-7-

Respectfully submitted,

**EDWARD L. GILBERT CO., LPA**

/s/ Edward L. Gilbert
Edward L. Gilbert (0014544)
Attorney for Plaintiff
One Cascade Plaza, Ste. 825
Akron, Ohio 44308
(330) 376-8855
(330) 376-8857 FAX
egilbert@lek.net

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Plaintiffs First Amended Complaint** was electronically filed on May 5, 2003. Notice of this filing will be sent to all parties by operation of the Court s electronic filing system. Parties may access this filing through the Court s system.

/s/ Edward L. Gilbert
Edward L. Gilbert (0014544)
Attorney at Law